# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN GARCIA,<br><br>　　　　　Plaintiff,<br>　v.<br>CITY OF IMPERIAL, OFFICER A.S. VALENZUELA, OFFICER A. HEREDIA, and DOES 1-5,<br><br>　　　　　Defendants. | Case No. 08cv2357 BTM(AJB)<br><br>**ORDER OVERRULING OBJECTIONS** |

Plaintiff Ruben Garcia has filed objections to Magistrate Judge Lewis's November 30, 2009 ruling regarding the production of documents in response to Plaintiff's First Set of Requests for Production of Documents and Tangible Things, Request No. 8. For the reasons discussed below, Plaintiff's objections are **OVERRULED**.

## I. BACKGROUND

Plaintiff alleges that on November 3, 2007, Officer Abel Heredia, a City of Imperial police officer, shot him in the back with a Taser while detaining him for investigation of a minor graffiti charge. (FAC, ¶¶ 14-21.) Plaintiff has brought claims under 42 U.S.C. § 1983 as well as tort claims against Officer Heredia and Officer Valenzuela, another officer at the scene. Plaintiff has also brought a Monell claim against the City of Imperial (the "City"), alleging that the City has unlawful customs or practices of (1) improper and inadequate

hiring, training, retention, discipline and/or supervision of its police officers; and (2) permitting or condoning the application of excessive force, including the improper use of Tasers. (FAC, ¶¶ 43-49.)

On May 7, 2009, Plaintiff propounded the following document request: "ALL DOCUMENTS sufficient to show how many times YOUR Police officers have employed Tasers in the five years prior to the date of the COMPLAINT." (Plaintiff's First Set of Requests for Production of Documents and Tangible Things, Request No. 8 (Ex. A to Egnatios Decl.).) The City initially objected to the request as vague, ambiguous, and overbroad. (Ex. B to Egnatios Decl.) The City also asserted the privacy rights of police officers under California law. (Id.)

Shortly thereafter, Plaintiff's counsel initiated the "meet and confer" process regarding Request No. 8. (Ex. C to Egnatios Decl.) Plaintiff's counsel asserted that the Request sought documents directly relevant to Plaintiff's Monell claim. Plaintiff's counsel also argued that the Request was clear and narrowly-tailored and that the requested documents were not protected from disclosure by police officers' right to privacy.

In a letter dated July 24, 2009, counsel for the City wrote:"The City's objections notwithstanding, I have inquired about providing information concerning the number of times its police officers have employed Tasers in the five years prior to November 3, 2007. . . . If the information can be gathered with a reasonable amount of effort, I will provide it." (Ex. D. to Egnatios Decl.) A couple of months later, counsel for the City informed Plaintiff: "[T]he City's best estimate is that its officers have employed a Taser a total of 28 times over the past five years, which includes the subject incident." (Ex. E to Egnatios Decl.)

Plaintiff's counsel was unsatisfied with the City's response to Request No. 8. Plaintiff's counsel complained that the City had not produced the requested documents "including but not limited to narrative reports and officers' reports of taser use," and asserted that the City's responses were not in the appropriate form with the required verification. (Ex. F to Egnatios Decl.)

In a Supplemental Response to Plaintiff's document requests, the City stated:

> Without waiving previously interposed objections, defendant responds: Deriving an accurate figure for the number of times City of Imperial police officers have employed a Taser in the five years prior to November 3, 2007 would require manual retrieval and review of all police department incident reports for that time period, and is therefore unduly burdensome and oppressive. However, the City's best estimate is that its officers utilized their Tasers 28 times in the five year period prior to September of 2009. This includes the tasing of Ruben Garcia and several instances of Taser use occurring after November 3, 2007.

(Ex. H to Egnatios Decl.)

On November 17, 2009, Magistrate Judge Lewis held a telephonic discovery conference during which the parties discussed the discovery dispute regarding Request No. 8. (Egnatios Decl. ¶ 2.) Plaintiff's counsel agreed to narrow Request No. 8 to the time period between November 3, 2006 (one year before the Incident) and December 19, 2008 (the filing date of the Complaint). Id. Judge Lewis ordered the City to search for documents responsive to Request No. 8 that corresponded to the narrowed time period, to produce the information within the week, and to report back at a further telephonic conference on November 24, 2009. (Egnatios Decl. ¶ 2.)

During the November 24 conference, the City reported that it had uncovered 12 Taser incident reports falling within the narrowed time period. (Egantios Decl. ¶ 3.) However, the City argued that production of the actual reports would implicate privacy and confidentiality issues and proposed production of an "outline" of the 12 tasing incidents instead. (Id.) The City offered to provide the "outline" to the Magistrate Judge for in camera review. (Id.) Plaintiff's counsel argued that the City should have to produce the full incident reports because they directly relate to Plaintiff's Monell claim. (Id.) Plaintiff's counsel also argued that the relevance of the reports outweighed any confidentiality or privacy concerns, especially in light of the protection afforded by the protective order that had already been entered in the case. (Id.) Judge Lewis directed counsel for both sides to file two-page letter briefs by the end of the following day. (Id.)

On November 30, 2009, Judge Lewis ruled that the City was not required to produce the incident reports for the period between November 3, 2006 and December 19, 2008. (Docket # 46.) Judge Lewis determined that the privacy interests of private citizens and of

police officers not involved in the litigation outweighed the production of the complete incident reports. Judge Lewis also determined that the "Outline of Tasing Incidents" ("Outline") submitted in camera by the City "addresses Plaintiff's RFP to compel documents sufficient to show how many times Imperial Police officers have employed tasers during the previously ordered time period for production." Judge Lewis ordered the City to produce the Outline to Plaintiff by December 3, 2009. For each Taser incident, the Outline (Ex. K to Egnatios Decl.) sets forth: the date of the incident; the initial of the officer involved (although the Outline identifies Valenzuela by his full name); the age, race, and gender of the suspect; and a brief description of the nature of the incident.

## II. DISCUSSION

Plaintiff objects to Magistrate Judge Lewis's ruling regarding the production of documents in response to Request No. 8. Plaintiff contends that he was entitled to the production of the full incident reports because they are necessary to litigating Plaintiff's Monell claim. Plaintiff argues that any privacy concerns Defendants have are amply covered by the protective order already in place. Although the Court generally agrees that the full incident reports are relevant to Plaintiff's Monell claim, based upon the scope of Request No. 8, the Court finds that Magistrate Judge Lewis did not err in holding that the Outline was all the City was required to produce.

When considering objections to a magistrate judge's non-dispositive discovery order under Fed. R. Civ. P. 72(a), the district judge must modify or set aside any part of the order "that is clearly erroneous or is contrary to law." The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions. Computer Economics, Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). The "contrary to law" standard applies to a magistrate judge's purely legal determinations. Id.

Plaintiff's objections rest on the premise that Request No. 8 encompasses all incident reports and other records regarding tasing within the relevant time period. However, Request No. 8 is actually much narrower in scope. The request asks for: "ALL

DOCUMENTS sufficient to show how many times YOUR Police officers have employed Tasers in the five years prior to the date of the COMPLAINT." The focus of the request is on the *number of times* Tasers have been used. Plaintiff could have asked for "all documents, including incident reports and Taser use reports, regarding the use of Tasers" within the relevant time period, but chose to limit the request to documents "sufficient to show how many times" Tasers have been used.

As noted by the City in its letter brief to Judge Lewis (Ex. J to Egnatios Decl.), "It is important to keep in mind that Request 8 in plaintiff's request for production, set one, seeks all documents sufficient to establish the number of times any of the City of Imperial's police officers utilized a Taser. Disclosure of the incident reports is not require[d] to provide the information requested by plaintiff." The City also pointed out that the Outline it prepared "provides plaintiff with more information that [sic] originally sought in the request for production."

Given the narrow scope of Request No. 8, the Court concludes that Magistrate Judge Lewis correctly found that the Outline "addresses Plaintiff's RFP to compel documents sufficient to show how many times Imperial Police officers have employed Tasers during the previously ordered time period for production." Indeed, as argued by the City, the Outline actually provides more information than requested. Because the Outline was "sufficient" to show how many times the City's police officers had employed Tasers within the time period at issue, Judge Lewis did not err in ruling that the City did not have to turn over the incident reports.

However, the discovery period is still open, and Plaintiff may propound a new document request for reports regarding Taser use during the narrowed time period. If Plaintiff makes such a request, the Court believes that the reports are relevant to Plaintiff's Monell claim and should be produced with the names of the private citizens and police officers (except Valenzuela) redacted, at least initially, to address any privacy concerns.[1]

---

[1] Even though the right to privacy does not apply to an officer's work, courts will still attempt to avoid unnecessarily disclosing information about officers. See Sanchez v. City of San Jose, 250 F.R.D. 468, 470 (N.D. Cal. 2008).

The Court agrees with Plaintiff that the mere fact that no complaint was filed in connection with a Taser incident does not mean that there was no improper use of the Taser. Furthermore, the brief factual descriptions of the incidents set forth in the Outline clearly are not sufficient to determine whether the Taser was potentially improperly used; the City's summary characterization of the incidents does not allow Plaintiff to examine the "totality of the circumstances" to determine the City's interest in the use of force. See Franklin v. Foxworth, 31 F.3d 873, 876 (9th Cir. 1994).[2] If, after production of the incident reports, Plaintiff believes that the reports reveal that a Taser was potentially improperly used during one or more incidents, Plaintiff may then seek additional discovery regarding the incidents in question, including the identity of the participants. Any disputes regarding additional discovery regarding Taser incidents or discovery deadlines shall be directed to this Court rather than the Magistrate Judge.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's objections to Magistrate Judge Lewis's November 30, 2009 ruling are **OVERRULED**. The Court extends the discovery cut-off date to **June 30, 2010** so that Plaintiff may complete discovery regarding the other Taser incidents.

DATED: April 5, 2010

Honorable Barry Ted Moskowitz
United States District Judge

---

[2] The Court does not rely on the Declaration of Roger Clark submitted by Plaintiff in support of his objections. Therefore, Defendants' objection to the declaration is overruled as moot.