# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN GARCIA,<br><br>　　　　　Plaintiff,<br>　v.<br><br>CITY OF IMPERIAL, OFFICER A.S. VALENZUELA, OFFICER A. HEREDIA, and DOES 1-5,<br><br>　　　　　Defendants. | Case No. 08cv2357 BTM(PCL)<br><br>**ORDER SUSTAINING IN PART OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING MOTION TO COMPEL DISCOVERY** |

Plaintiff Ruben Garcia has filed objections to Magistrate Judge Lewis's July 30, 2010 Order on Plaintiff's Second Motion to Compel Production of Documents.  For the reasons discussed below, Plaintiff's objections are **SUSTAINED IN PART**.

## I. BACKGROUND

Plaintiff alleges that on November 3, 2007, Officer Abel Heredia, a City of Imperial police officer, shot him in the back with a Taser while detaining him for investigation of a minor graffiti charge. (FAC, ¶¶ 14-21.) In his FAC, Plaintiff asserted claims under 42 U.S.C. § 1983 as well as tort claims against Officer Heredia and Officer Valenzuela, another officer at the scene. Plaintiff also asserted a Monell claim against the City of Imperial (the "City"), alleging that the City has unlawful customs or practices of (1) improper and inadequate hiring, training, retention, discipline and/or supervision of its police officers; and (2) permitting

or condoning the application of excessive force, including the improper use of Tasers. (FAC, ¶¶ 43-49.)

On October 30, 2009, Plaintiff served a second set of requests for production of documents on Defendants.  Among other things, the requests sought: (1) documents concerning any investigation or evaluation conducted by the City or any third party, including Carl Warren & Co ("CWC"), concerning the tasing and/or arrest of Plaintiff, and correspondence between the City and CWC regarding the same (Requests Nos. 31 and 32); and (2) documents concerning the possibility that suspects are trained in mixed martial arts and documents pertaining to any tactics, techniques, or responses to be used by officers with respect to subjects or suspects who might be trained in such martial arts (Request No. 43).

Defendants refused to produce documents in response to the requests set forth above, asserting numerous privileges and lack of relevance.

In a letter dated December 18, 2009, Plaintiff's counsel asserted that Defendants' objections were invalid and pointed out that Defendants had failed to produce a privilege log.

On February 10, 2010, Defendants sent Plaintiff a privilege log containing seven entries. (Doc. No. 79-3, Ex. P.) In a letter dated March 29, 2010, Defendants supplemented their privilege log with information regarding the authors and recipients of three of the entries.

On May 25, 2010, Plaintiff moved to compel the production of documents.  In an order dated July 30, 2010, Magistrate Judge Lewis denied Plaintiff's motion to compel as it pertained to the document requests in dispute.  Judge Lewis held that the CWC investigation reports dated 11/05/08, 07/23/08, and 5/15/08, were prepared in anticipation of litigation and that Plaintiff had failed to establish a substantial need for the documents.[1]  Judge Lewis also

---

[1] With respect to the other documents listed on the privilege log - an ISO Claimsearch Summary detailing all insurance claims filed by Plaintiff's family, a transmittal letter, an instruction letter, Plaintiff's administrative claim, and various photographs of Plaintiff submitted with his administrative claim, Judge Lewis held that the documents either were already in Plaintiff's possession or irrelevant to the issues in the case.  Plaintiff does not appear to be objecting to the Magistrate Judge's ruling as to these documents.

held that the documents pertaining to mixed martial arts training of suspects were irrelevant because there was no evidence to suggest Plaintiff was suspected of having such mixed martial arts training.

## II. DISCUSSION

Plaintiff objects to Magistrate Judge Lewis's ruling regarding the investigation reports and the documents pertaining to mixed martial arts training. As discussed below, Plaintiff's objections are sustained in part.

When considering objections to a magistrate judge's non-dispositive discovery order under Fed. R. Civ. P. 72(a), the district judge must modify or set aside any part of the order "that is clearly erroneous or is contrary to law." The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions. Computer Economics, Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). The "contrary to law" standard applies to a magistrate judge's purely legal determinations. Id.

With respect to the investigation documents, Plaintiff concedes that the last report dated November 5, 2008, is work product. Therefore, Plaintiff's objections concern the reports dated May 15, 2008, and July 23, 2008. These reports were filed after a notice of claim was filed by Plaintiff on May 2, 2008, but before Plaintiff's father indicated that they were represented by an attorney.

Investigations conducted by a claims adjuster in the ordinary course of business and not in anticipation of litigation are not protected by the work-product doctrine. Reavis v. Metro. Prop. and Liab. Ins. Co., 117 F.R.D. 160, 162 (S.D. Cal. 1987). The mere fact that a plaintiff has filed an administrative claim is not enough to render subsequent investigations by the defendant's insurance adjustor "in anticipation of litigation." See Garcia v. City of El Centro, 214 F.R.D. 587 (S.D. Cal. 2003). Other circumstances indicating that the claims adjuster's actions were taken with an eye toward litigation must be present. For example, in Garcia, the court held that interviews taken by the claims adjuster after the administrative claim was rejected and the parties had little hope of resolving the issues other than through

1  litigation were protected by the work product doctrine. Id. at 594.

2  In this case, there has been no showing that the first two reports were prepared in anticipation of litigation. Although the July 23, 2008, report begins with the sentence, "This report and our investigation are done in anticipation of litigation for ultimate transmittal to defense counsel and with the intent that it remains confidential," it appears that this is form language and is not determinative of whether the work product doctrine applies. There is no evidence that Defendants were represented by an attorney at the time these reports were prepared. Similarly, there is no evidence of events causing Defendants to anticipate imminent litigation. Accordingly, the Court concludes that the reports were prepared in the ordinary course of business and are discoverable.

As for the documents pertaining to mixed martial arts training, the Court finds that the documents are relevant if Heredia testifies consistent with his deposition testimony regarding any mixed martial arts training of suspects or subjects and/or police officer training relating thereto. If Defendants do not intend to introduce any evidence regarding mixed martial training, the parties may enter into an agreement to exclude such evidence and avoid discovery on the issue. In the absence of such a stipulation, Defendants shall produce the documents responsive to Plaintiff's Doc. Request No. 43.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's objections to Magistrate Judge Lewis's July 30, 2010 order are **SUSTAINED IN PART**. Responsive documents shall be produced by Defendants within 10 days of the entry of this order.

**IT IS SO ORDERED.**

DATED: September 17, 2010

Honorable Barry Ted Moskowitz
United States District Judge