# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RUBEN GARCIA, | Case No. 08cv2357 BTM(PCL) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION FOR RECONSIDERATION; GRANTING DEFENDANTS' REQUEST FOR BIFURCATION; DENYING PLAINTIFF'S REQUEST TO AMEND PRETRIAL ORDER TO INCLUDE RATIFICATION THEORY OF LIABILITY; AND DENYING DEFENDANTS' REQUEST FOR A CONTINUANCE OF TRIAL** |
| v. | |
| CITY OF IMPERIAL, OFFICER A.S. VALENZUELA, OFFICER A. HEREDIA, and DOES 1-5, | |
| Defendants. | |

Plaintiff moves for reconsideration of the Court's Order Granting in Part and Denying in Part Motion for Summary Judgment and Denying Cross-Motion for Partial Summary Judgment ("MSJ Order") filed on September 14, 2010 [Doc. No. 114], in two respects: (1) Plaintiff contends that the Court erred in granting judgment to the City on Plaintiff's Monell claim for excessive force because the City's only argument against Monell liability was that there was no constitutional violation; and (2) the Court mistakenly dismissed Plaintiff's claim under California Civil Code § 52.1, which was based on Heredia's alleged use of excessive force as well as the alleged unlawful arrest.

Upon review of the motion papers and the Court's MSJ Order, the Court agrees that reconsideration is warranted. Defendants moved for summary judgment on the Monell claim on the sole ground that there was no constitutional violation and did not present evidence regarding the City's policies and practices. Therefore, Plaintiff was not required to provide evidence on this issue. As for Plaintiff's California Civil Code § 52.1 claim, Plaintiff is correct that the Court did not address the fact that the claim was based on the alleged use of

excessive force in addition to the alleged unlawful arrest.  Accordingly, the Court **GRANTS** Plaintiff's motion for reconsideration and **MODIFIES** the MSJ Order as follows: Defendants' motion for summary judgment is **DENIED** as to Plaintiff's third cause of action (Monell claim) and Plaintiff's eighth cause of action (Cal. Civ. Code § 52.1) *to the extent that it is based on the use of excessive force.*  Defendants' motion for summary judgment is **GRANTED** as to Plaintiff's eighth cause of action *to the extent that it is premised on unlawful arrest*.

Defendants request bifurcation of the trial so that the Monell aspect of the case is tried separately from the aspect of the case concerning whether Heredia violated Garcia's constitutional rights by using excessive force.  Because the Monell aspect of the case involves different legal issues and different evidence, it makes sense to bifurcate the trial to minimize the risk of confusion and prejudice. Defendants' request for bifurcation is **GRANTED**.

Plaintiff also seeks to modify the pretrial order to include ratification as a separate theory for Monell liability.  According to Plaintiff, the City's Police Chief, Miguel Colon, ratified the use of excessive force against Garcia by concluding that Heredia was acting within department policy and did nothing wrong.  However, the Court does not believe that this evidence is sufficient to establish ratification for purposes of Monell liability.

A municipality may be held liable for a constitutional violation under the theory of ratification if an authorized policymaker approves a subordinate's decision and the basis for it.  Lytle v. Carl, 382 F.3d 978, 987 (9th Cir. 2004).  "A mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 claim." Id.  The policymaker must have knowledge of the constitutional violation and must make a "conscious, affirmative choice" to ratify the conduct at issue. Id.; Haugen v. Brosseau, 351 F.3d 372, 393 (9th Cir. 2003) overruled on other grounds by Brousseau v. Haugen, 543 U.S. 194 (2004).

In Haugen, a case where an officer (Haugen) shot a suspect who was attempting to drive away in his jeep, the Ninth Circuit held that there were no facts in the record to "suggest that the single failure to discipline Haugen rises to the level of such a ratification."

Id. at 393. In other words, in order for there to be ratification, there must be "something more" than a single failure to discipline or the fact that a policymaker concluded that the defendant officer's actions were in keeping with the applicable policies and procedures. Kanae v. Hodson, 294 F. Supp. 2d 1179, 1191 (D. Hawaii 2003). As aptly explained by the court in Kanae:

> The law does not say that every failure to discipline an officer who has shot someone is evidence of a "whitewash" policy or some other policy of "sham" investigations. The law does not say that, whenever an investigative group accepts an officer's version over a victim's differing version, this acceptance establishes a policy for which a municipality may be held liable under § 1983. If that were the law, counties might as well never conduct internal investigations and might as well always admit liability. But that is not the law. The law clearly requires "something more."

Id. at 1191. See also Peterson v. City of Forth Worth Texas, 588 F.3d 838, 848 (5th Cir. 2009) (holding that there was no ratification of use of excessive force where the Chief of Police determined after investigation that the officers complied with department policies); Santiago v. Fenton, 891 F.2d 373, 382 (1st Cir. 1989) ("As we have indicated before, we cannot hold that the failure of a police department to discipline in a specific instance is an adequate basis for municipal liability under Monell.").[1]

In Larez v. City of Los Angeles, 946 F.2d 630 (9th Cir. 1991), the Ninth Circuit held that there was sufficient evidence to support the jury's finding that the Chief of Police ratified the excessive use of force against the plaintiffs. The "something more" that was present in Larez was an obviously flawed investigation of plaintiff's excessive force complaint. The investigation was conducted by the unit responsible for the alleged constitutional violation and contained holes and inconsistencies "that should have been visible to any reasonable police administrator." Id. at 647. The Chief of Police did not question the investigation but,

---

[1] Tubar v. Clift, 2008 WL 5142932 (W.D. Wash. Dec. 5, 2008), is distinguishable because in Tubar, plaintiff's claim of ratification was "based on more than a 'single failure to discipline' and involve[d] multiple instances where the City endorsed and approved of similar conduct." Id. at * 6. In Ashley v. Sutton, 492 F. Supp. 2d 1230 (D. Or. 2007), the court held that a police chief's declaration that a subordinate officer properly followed department procedures was sufficient to establish municipal liability. However, a subsequent District of Oregon decision disagreed with Ashley to the extent that it held that a policymaker's conclusion that a defendant officer did not do anything wrong is enough in and of itself to establish ratification. Kaady v. City of Sandy, 2008 WL 5111101, at * 24 (D. Or. Nov. 26, 2008).

1 rather, accepted the results. Id. at 635. The unreliability of LAPD investigations was further
2 highlighted by a two-year study of LAPD complaints which showed that it was "almost
3 impossible for a police officer to suffer discipline as a result of a complaint lodged by a
4 citizen." Id. at 647.

5      "Extreme factual situations" may also support a finding of ratification as a result of a
6 policymaker's failure to discipline. Peterson, 588 F.3d at 848. For example, in Grandstaff
7 v. City of Borger, 767 F.2d 161 (5th Cir. 1985), a case where police officers "poured their
8 gunfire" at the truck and into the person of an innocent bystander, the Fifth Circuit held that
9 based on the fact that no discharges or reprimands followed this "episode of such dangerous
10 recklessness," "the jury was entitled to conclude that it was accepted as the way things are
11 done and have been done in the City of Borger." Id. at 171.

12      Here, there are no extreme facts or special circumstances that support a finding of
13 ratification. Chief Colon was told by Sergeant Ramos that the officers gave chase to Garcia,
14 Garcia was uncooperative, and Heredia tased him. (Colon Dep. (Ex. 1 to Blair-Loy Dep.)
15 162:4-7.) He knew that only one discharge was used for five seconds. (Colon Dep. 162:1-
16 2.) He also read Heredia's report, which described how Garcia ran away from the officers,
17 refused to stop and get on the ground, tried to open a window on the side of the house, and
18 was ultimately shot with Heredia's taser when he reached toward his waist area after
19 Heredia warned him he would be tased if he did not stop moving. Based on this information,
20 Colon's determination that Heredia was acting according to policy does not rise to the level
21 of ratification of excessive use of force.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

     Accordingly, Plaintiff's request to modify the pretrial order to include ratification as a separate theory of <u>Monell</u> liability is **DENIED**.

     Defendants request a continuance of trial in light of Plaintiff's motion for reconsideration.  Because it is unclear to the Court why Defendants need more time to prepare for trial, Defendants' request is **DENIED** without prejudice.  Defendants may renew their request at the pretrial conference.

**IT IS SO ORDERED.**

DATED:  October 4, 2010

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge